UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPENCER L. BRIGGS,

          Plaintiff,

v.                                  Case No. 3:23-cv-1282-BJD-PDB

MELISSA G. OLIN,

          Defendant.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Spencer L. Briggs, a pretrial detainee housed at the Columbia County Detention Facility, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed *in forma pauperis* (Doc. 2). In his complaint, Plaintiff alleges the sole-named Defendant, Judge Melissa Gates Olin, violated his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments in connection with his pending criminal proceedings. *See* Compl. at 3-4. He complains that Judge Olin "never gives [him] a chance to speak[,] . . . never responds to any motions[,] . . . [and] degrades [him,] . . . caus[ing] a lot of emotional distress." *Id.* at 4. He also contends Judge Olin "bashed [him] in the courtroom [by] calling [him] a

menace to society," and she violated his speedy trial rights. *Id.* at 5.[1] Plaintiff has filed complaints about Judge Olin with the Judicial Qualifications Commission and the First District Court of Appeal. *See* Doc. 1-1 at 4-7. As relief, in addition to compensatory damages, he asks that this Court "fix [the] Columbia County . . . judicial system." *Id.*

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic

---

[1] According to the state-court docket, Judge Olin permitted defense counsel to withdraw on June 14, 2023, and Plaintiff has since been proceeding *pro se*. *See* Clerk of the Circuit Court and County Comptroller, Columbia County, Florida, available at https://columbiaclerk.com/official-record-search/ (last visited Oct. 30, 2023). Jury selection is set to begin on November 13, 2023, on two charges: fleeing police at high speed or with reckless driving and resisting or obstructing without violence.

recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to state a plausible claim for relief against Judge Olin, who enjoys absolute immunity from suit for actions taken in her official capacity. *See Dykes v. Hosemann*, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam) ("[A] judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability."). To the extent Plaintiff requests that this Court interfere with his ongoing state court criminal proceeding, the Court declines to do so. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases

3

free from interference by federal courts."). If Plaintiff is convicted, he may raise any perceived constitutional violations by filing proper, timely post-conviction motions or actions in the appropriate forum.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October 2023.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:     Spencer L. Briggs

4